# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:10CR00026-002 |
| v. | ) | **OPINION AND ORDER** |
| **TERRANCE KEITH CUNNINGHAM,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Barry L. Proctor, Abingdon, Virginia, for Defendant.*

The defendant, Terrance Keith Cunningham, has moved for a stay of execution of his sentence of imprisonment, imposed March 23, 2012, because of his pending appeal. Pursuant to Federal Rule of Appellate Procedure 9(a)(1), this Opinion sets forth the court's reasons for denying the motion.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal. Fed. R. Crim. P. 38(b)(1). The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act. Fed. R. App. P. 9(c). That Act provides, in pertinent part, that a defendant who has filed an appeal must be detained unless the court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b)(1) (West 2000).

While I am able to make the requisite finding contained in subsection (A) of § 3141(b)(1) above, I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B). In this context, a "substantial question" is "'a "close" question or one that very well could be decided the other way.'" *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).[1] Whether a question is substantial is decided on a case-by-case basis. *Id.*

---

[1] *But see* Doug Keller, *Resolving a "Substantial Question": Just Who is Entitled to Bail Pending Appeal Under the Bail Reform Act of 1984?,* 60 Fla. L. Rev. 825, 827-28 (2008) (arguing that Congress intended the more favorable "fairly debatable" standard, as adopted by the Ninth Circuit).

Cunningham was convicted by a jury of participating in a conspiracy to commit wire fraud, as well as numerous substantive counts of wire fraud, money laundering, and commodities fraud, all in connection with a Ponzi scheme concocted by an associate and codefendant, Ronald Wade Smith, Jr. Smith was sentenced to 135 months imprisonment and Cunningham to 84 months, below his advisory guideline range because of his lack of prior criminal history and relative culpability.

The defendant indicates in his motion for bond that the primary question on appeal will be the sufficiency of the government's evidence. Thus, the issue will be whether the determination of his guilt by the jury was supported by substantial evidence. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks and citation omitted), *cert. denied,* 132 S. Ct. 469 (2011). Because the credibility of witnesses is properly assessed by the jury rather than by the court, the court of appeals will assume that the jury resolved all testimonial contradictions in the government's favor. *United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir.), *cert. denied,* 132 S. Ct. 564 (2011). Thus, "[a] defendant bringing a sufficiency challenge bears a heavy burden," and '[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's

failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 131 S. Ct. 428 (2010).

A conspiracy may be proved "inferentially and by circumstantial evidence." *Hickman*, 626 F.3d at 763 (internal quotation marks and citation omitted). Because criminal conspiracies are "clandestine and covert," there is "frequently . . . little direct evidence of such an agreement." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Agreement to the conspiracy may be shown by a concert of action and knowledge may be inferred from the surrounding circumstances. *United States v. Lechuga*, 888 F.2d 1472, 1476-77 (5th Cir. 1989).

While Cunningham denied participation in the conspiracy, there was certainly contrary evidence, including his close connection to the ringleader of the Ponzi scheme and testimony from some of the victims that he promoted the scheme and helped persuade them to invest.

For these reasons, I do not find that there is a substantial question on appeal that would allow me to stay the defendant's sentence. Accordingly, it is **ORDERED** that the Motion to Remain on Bond Pending Appeal (ECF No. 374) is DENIED.

ENTER: May 3, 2012

/s/ James P. Jones
United States District Judge