# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:10CR00026 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| RONALD WADE SMITH, ET ALS., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, and Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States. T. Shea Cook, T. Shea Cook PC, Richlands, Virginia, for Third-Party Petitioner Charles Duty.*

In a prior Opinion and Order, I determined that the government was entitled to the forfeiture of an equitable lien held by Charles Duty, the third-party claimant in this ancillary proceeding. *United States v. Smith*, No. 1:10CV00026, 2012 WL 2116405 (W.D. Va. June 11, 2012). Two additional questions have presented themselves.

First, the government requests that it be allowed the benefit of any further appreciation in the property that is subject to the lien. I agree and will provide in the final order of forfeiture that the value of the lien be described as "$242,877.96 or 69.2% of the fair market value of the property, whichever is greater." Because I

have limited the present ability of the government to foreclose on this lien, I find it appropriate to provide it the benefit of any future appreciation in value.

Secondly, the government requests that the lien include the entire 26-acre tract of land upon which the subject house and in-ground swimming pool sits, on the theory that the claimant owns the entire undivided tract. However, I find that to include the entire tract of land would be inequitable and unsupported by the evidence.

According to the record, the house and pool in question were constructed on claimant Duty's 26-acre tract of land. This tract was conveyed to him by deed in 1996, prior to the construction of the house and pool, along with a separate tract of land. It appears that the separate residence of Mr. Duty is also located on this tract. It would not be proper to include Mr. Duty's separate home in the equitable lien, since there is no evidence that the criminal defendants had any property interest in that residence or that it was involved in any way in their crimes.

Moreover, while the raw land surrounding the subject house and pool is described by the appraiser as having little value due to its steep slope, it would be inequitable to include all of the surrounding acreage as part of the government's lien. Again, its value is not attributable to the defendants or their crimes, and to include it might unnecessarily interfere with the property interests of Duty, an innocent party.

For these reasons, I will limit the property subject to the lien to the house and in-ground swimming pool, together with such adjoining land as is reasonably appropriate for the use of the property as a residence.  In addition, the government's lien will also include any rents and profits from the property, as well as an appropriate right of way for ingress and egress for residential purposes.

It is so **ORDERED**.

ENTER:   August 13, 2012

/s/  James P. Jones
United States District Judge